IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA C. KIELY, etc., )
)
        Plaintiff, )
)
  v. ) No. 10 C 6694
)
ABBOTT LABORATORIES, INC., etc.,)
et al., )
)
        Defendants. )

MEMORANDUM ORDER

This Court has just received, by random assignment, the action brought by Maria Kiely ("Kiely") as the representative plaintiff in a putative class action against Abbott Laboratories, Inc. and Abbott Laboratories (collectively "Abbott," treated solely for convenience as a singular noun). Because Kiely like Abbott is an Illinois citizen, and because the Class Action Complaint ("Complaint") has carved up a single "claim" in the federal sense into nine state law counts,[1] Kiely's counsel seeks to rely on CAFA (28 U.S.C. §1332(d)) to open the door to the federal courthouse.

Kiely charges Abbott with an undue delay of some six

---

[1] This Court has frequently noted the inconsistency between that approach to "counts," drawn from the state court concept of "causes of action," and the provision of Fed. R. Civ. P. ("Rule") 10(b) that calls for separate counts only where more than one "claim founded on a separate transaction or occurrence" is involved-- something that is not the case here. In that regard, see NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992). This memorandum order will not pause on that score, however.

days--from its September 16, 2010 discovery of the possible problem referred to hereafter to the September 22 recall of its Similac infant products--as causing injury to the prospective plaintiff class members (Complaint ¶43 proposes both (1) a nationwide class of purchasers of Similac, a notion that seems problematic in light of the Complaint's sole concentration on Illinois law, and (2) a subclass limited to Illinois purchasers). In support of the claimed damages to the class members, Complaint ¶16 quotes Abbott's September 22 public announcement:

> Abbott is recalling these products following an internal quality review, which detected the remote possibility of the presence of a small common beetle in the product produced in one production area in a single manufacturing facility. The United States Food and Drug Administration (FDA) has determined that while the formula containing these beetles poses no immediate health risk, there is a possibility that infants who consume formula containing the beetles or their larvae could experience symptoms of gastrointestinal discomfort and refusal to eat as a result of small insect parts irritating the GI tract. If these symptoms persist for more than a few days, a physician should be consulted.

It is frankly difficult to comprehend just how Kiely's counsel, given the objective good faith demanded of every lawyer under Rule 11(b) coupled with the plausibility requirement imposed by the Supreme Court's Twombly-Iqbal duo, can assert that the amount in controversy exceeds the $5 million floor necessary to invoke CAFA. At a minimum Kiely's counsel should be called upon to expand on the ipse dixit assertions in the Complaint. Accordingly this Court orders Kiely's counsel to appear at an

initial status hearing at 8:45 a.m. October 26, 2010 to address that question, and a copy of this memorandum order is also being transmitted to Abbott so that it may arrange for its counsel to be present as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2010